Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FRANCISCO AROCHO LABOY Y OTROS<br><br>Peticionarios<br><br>Vs.<br><br>EL COOLMADO, LLC Y OTROS<br><br>Recurridos | TA2025CE00976 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV01581<br><br>Sala: 808<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Mediante la presente petición de *certiorari*, la parte peticionaria compuesta por Francisco Arocho Laboy, Dorian Narváez Vélez, Bienvenido Arocho Narváez, y Carmen M. Laboy Cruz, solicita la revisión de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 1 de diciembre de 2025. En la Resolución, el foro de instancia declaró "No Ha Lugar" la admisión del testimonio de un tercero como prueba directa bajo la excepción de prueba de referencia de la Regla 806(B)(3) de Evidencia (Declaraciones contra Interés).

Por los fundamentos expuestos en esta *Resolución*, *denegamos* la expedición del recurso solicitado.

-*I*-

En el contexto de una demanda de daños en contra de la parte recurrida, El Coolmado, LLC, la parte peticionaria solicitó autorización judicial para incluir el testimonio de un tercero relacionado a una supuesta admisión extrajudicial de

responsabilidad efectuada por uno de los testigos anunciados en el caso. Según el relato de la parte peticionaria, en la deposición el testigo aseveró no recordar la supuesta admisión. Por ello, solicitó al tribunal la inclusión del testimonio del tercero que, según el peticionario escuchó al testigo admitir su responsabilidad sobre los hechos relacionados en la demanda. Las partes tuvieron amplia oportunidad de postular por escrito a favor y en contra de la petición de incluir el testimonio del tercero. Inclusive, el tribunal celebró una vista argumentativa sobre el asunto. Al final el foro primario denegó la petición debido a que, no cumple con alguna excepción a la prueba de referencia como prueba directa para demostrar un hecho.

Inconforme, la parte peticionaria comparece y señala los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI E INCURRIÓ EN UN ABUSO DE DISCRECIÓN AL EMITIR UNA RESOLUCIÓN QUE CONCLUYE CATEGÓRICAMENTE QUE EL EL TESTIMONIO DEL LCDO. HARRY MASSANET "NO CUMPLE CON LOS REQUISITOS DE LA REGLA DE EVIDENCIA 806(B)(3), SIN FUNDAMENTAR NI EXPLICAR, IGNORANDO ASÍ HECHOS MATERIALES IMPORTANTES SIN JUSTIFICACIÓN ALGUNA.

> SEGUNDO ERROR: ERRÓ EL TPI AL IGNORAR LA LETRA CLARA DE LA REGLA 806(A)(3) DE EVIDENCIA, LA CUAL ESTABLECE TAXATIVAMENTE QUE UN TESTIGO ES "NO DISPONIBLE" CUANDO TESTIFICA NO RECORDAR SOBRE EL ASUNTO OBJETO DE SU DECLARACIÓN.

> TERCER ERROR: ERRÓ EL TPI AL IGNORAR EL COMPONENTE DE "DESGRACIA SOCIAL" DE LA REGLA 806(B)(3), DESCARTANDO LA ADMISIBILIDAD DEL TESTIMONIO DEL LCDO HARRY MASSANET SOBRE LAS ADMISIONES DE YARETH J. GARCÍA BAJO TEMOR EXPRESO DEL A SER TILDADO DE "CHOTA" EN LA CÁRCEL.

> CUARTO ERROR: ERRÓ EL TPI AL CONDICIONAR RESTRICTIVAMENTE LA ADMISIÓN DEL TESTIMONIO DEL LCDO. HARRY MASSANET A PRUEBA DE IMPUGNACIÓN DE CREDIBILIDAD DEL

TESTIGO YARETH J. GARCÍA, LIMITANDO EL DERECHO DE PRESENTACIÓN DE PRUEBA DE LA PARTE DEMANDANTE.

La parte recurrida también compareció mediante alegato escrito. Argumenta a favor de la decisión recurrida pues "la prueba de referencia es inadmisible salvo que cumpla con una excepción válida". Procedemos a resolver con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico, y el derecho aplicable.

## -II-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -III-

La Regla 806 de Evidencia dispone:

(a) Definición; no disponible como testigo. Incluye situaciones en que la persona declarante:

(1) Está exenta de testificar por una determinación del tribunal por razón de un privilegio reconocido en estas reglas en relación con el asunto u objeto de su declaración;

(2) insiste en no testificar en relación con el asunto u objeto de su declaración a pesar de una orden del tribunal para que lo haga;

(3) testifica que no puede recordar sobre el asunto u objeto de su declaración;

(4) al momento del juicio o vista, ha fallecido o está imposibilitada de comparecer a testificar por razón de enfermedad o impedimento mental o físico, o

(5) está ausente de la vista y quien propone la declaración ha desplegado diligencia para conseguir su comparecencia mediante citación del tribunal.

No se entenderá que una persona declarante está no disponible como testigo si ello ha sido motivado por la gestión o conducta de quien propone la declaración con el propósito de evitar que la persona declarante comparezca o testifique.

(b) Cuando la persona declarante no está disponible como testigo, es admisible como excepción a la regla general de exclusión de prueba de referencia lo siguiente:

(1) Testimonio anterior. Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedimiento. Ello si la parte contra quien se ofrece ahora el

testimonio -o un predecesor en interés si se trata de una acción o procedimiento civil -tuvo la oportunidad y motivo similar para desarrollar el testimonio en interrogatorio directo, contrainterrogatorio o en redirecto.

(2) Declaración en peligro de muerte. Una declaración hecha por una persona declarante mientras creía estar en peligro de muerte inminente si la declaración se relaciona con la causa o las circunstancias de lo que creyó era su muerte inminente.

(3) Declaraciones contra interés. Una declaración que al momento de ser hecha era tan contraria al interés pecuniario o propietario de la persona declarante o le sometía a riesgo de responsabilidad civil o criminal, o tendía de tal modo a desvirtuar una reclamación suya contra otra persona, o creaba tal riesgo de convertirla en objeto de odio, ridículo o desgracia social en la comunidad, que una persona razonable en su situación no hubiera hecho la declaración a menos que la creyera cierta.

(4) Declaraciones sobre historial personal o familiar.

(A) Una declaración sobre el nacimiento, adopción, matrimonio, divorcio, filiación, parentesco por consanguinidad o afinidad, raza, linaje u otro hecho similar de historial familiar o personal de la misma persona declarante, aunque ésta no tuviera medios de adquirir conocimiento personal del asunto declarado.

(B) Una declaración sobre la materia señalada en el párrafo (A) de esta cláusula y de otra persona incluyendo la muerte de ésta si dicha persona está relacionada con la persona declarante por parentesco de consanguinidad, afinidad o adopción o existe una relación tal entre la persona declarante y la familia de la otra persona que hiciera probable que dicha persona declarante tuviera información precisa referente al asunto declarado.

Un análisis del recurso presentado al palio de la Regla 52.1 de Procedimiento Civil confirma una de instancias contempladas por el legislador, a los fines auscultar el mérito del recurso, si alguno. No obstante, el estudio preciso del expediente nos mueve a no intervenir con la *Resolución* recurrida. A nuestro juicio, el

pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto que nos ocupa.

### -IV-

Por los fundamentos antes expuestos, *denegamos* expedir el recurso extraordinario promovido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones